1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DANIEL PATRICK GUERIN,

          Plaintiff,

    v.

JOSEPH NICOLO ARICO,

          Defendant.

Case No.18-cv-02362-VKD

**ORDER (1) GRANTING MOTION TO EXTEND SERVICE DEADLINE; (2) DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO SERVE BY PUBLICATION**

Re: Dkt. No. 9

Asserting diversity jurisdiction under 28 U.S.C. § 1332, plaintiff Daniel Guerin sues for personal injuries he claims he suffered in a car accident involving defendant Joseph Arico.  Mr. Guerin now moves for a 60-day extension of time to complete service of process on Mr. Arico. Additionally, Mr. Guerin requests leave to effect service by publication.  He has submitted a process server's declaration indicating that 11 attempts to personally serve Mr. Arico at his residence in the month of June were unsuccessful.  Dkt. No. 9-1.

The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b). For the reasons to be discussed, the Court grants plaintiff's motion for an extension of time to complete service and denies without prejudice the motion for leave to serve Mr. Arico by publication.

### A.    Motion to Extend Service Deadline

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

"But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Mr. Guerin's complaint having been filed on April 19, 2018, the deadline for service was July 18, 2018. However, the Court finds good cause to grant Mr. Guerin's requested extension and extends the deadline for completing service of process to **September 17, 2018**.

In view of this extension, the Court continues the Initial Case Management Conference, currently set for July 24, 2018, to **October 30, 2018, 1:30 p.m.**, with a Case Management Statement to be filed no later than **October 23, 2018**. All other related deadlines set in the Court's Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. No. 3) are adjusted accordingly.

### B. Motion for Leave to Serve by Publication

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service upon an individual may be effected in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California law provides for several means of effecting service upon a defendant. Service of the complaint and summons may be accomplished by (1) personal delivery to the party, Cal. Code Civ. Proc. § 415.10; (2) delivery to someone at the party's usual residence or place of business, followed by a mailing, *id.* § 415.20; (3) mail with an acknowledgement of receipt, *id.* § 415.30; (4) mail on persons outside California, *id.* § 415.40; and (5) publication, *id.* § 415.50.

In California, service by publication is permitted (1) "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and, as relevant here, (2) "[a] cause of action exists against the party upon whom service is to be made . . .." Cal. Code Civ. Proc. § 415.50(a)(1). "The question is simply whether [the plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App.3d 327, 333 (1978). Nevertheless, because service by publication is "the least likely to succeed in notifying the defendant of an action against him," it is

2

to be used "'only as a last resort.'" *Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App.4th 330, 337-38 (2013) (quoting *Watts v. Crawford*, 10 Cal.4th 743, 749 n.5 (1995)). "Accordingly, it can require exhaustive attempts to locate the defendant before this method may be employed." *Id.* at 338. "In this context, '[t]he term 'reasonable diligence' denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Id.* (quoting *Watts*, 10 Cal.4th at 749 n.5).

In view of the unsuccessful personal service attempts, Mr. Guerin says that Mr. Arico may be avoiding service or might not live at his listed residence. Dkt. No. 9 at 1. However, "[b]efore allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal.4th at 749 n.5. Although it appears that the process server made a number of attempts at personal service between June 2 and June 27, 2018, this is a time of year when many people are away from their homes. Mr. Guerin has not shown that he has tried other means of service, much less that those other means have not been effective. Nor does he identify what steps, if any, he has taken to confirm whether Mr. Arico lives at the address where service was attempted. *See e.g., Castillo-Antonio v. Azurdia*, No. C13-05709 DMR, 2014 WL 4060219 (N.D. Cal., Aug. 14, 2014) (finding that attempts at personal service during a time of year when people are away from home and mailing "packages" to the defendant's address were insufficient to warrant service by publication); *Loskot v. El Cerrito Galleria*, No. CV12-05549-KAW, 2013 WL 6512757 (N.D. Cal., Dec. 12, 2013) (finding that while the plaintiffs took several reasonable steps through personal service, online searches, and phone calls to locate the defendants, service by publication was not warranted because the plaintiffs failed to confirm whether the defendants resided at the addresses where service was attempted).

Moreover, the party seeking leave to serve by publication "must offer independent evidentiary support, in form of a sworn statement of facts, for the existence of a cause of action against the defendant." *Cummings v. Brantley Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal., Sept. 13, 2016) (internal quotations and citation omitted). "Under California law, service by publication is neither appropriate nor valid without such an affidavit." *Id.* Mr. Guerin

United States District Court
Northern District of California

has not provided the required affidavit to support the present motion.

For these reasons, the Court concludes that Mr. Guerin has not shown by affidavit "reasonable diligence" or that a cause of action exists against Mr. Arico. His motion for leave to serve by publication therefore is denied without prejudice.

**IT IS SO ORDERED.**

Dated: July 20, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge