UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL PATRICK GUERIN, <br> Plaintiff, <br> v. <br> JOSEPH NICOLO ARICO, <br> Defendant. | Case No.18-cv-02362-VKD <br><br> **ORDER (1) DENYING WITHOUT PREJUDICE RENEWED MOTION FOR SERVICE BY PUBLICATION; (2) DENYING AS MOOT REQUEST TO APPEAR BY TELEPHONE** <br><br> Re: Dkt. Nos. 11, 16 |

Asserting diversity jurisdiction under 28 U.S.C. § 1332, plaintiff Daniel Guerin sues for personal injuries he claims he suffered in a car accident involving defendant Joseph Arico. The Court previously granted Mr. Guerin's request for a 60-day extension of time to complete service of process on Mr. Arico, but denied without prejudice his motion for leave to serve Mr. Arico by publication. The Court concluded that Mr. Guerin failed to show by affidavit reasonable diligence in attempts to serve Mr. Arico or that a cause of action exists against him. Dkt. No. 10.

Mr. Guerin now renews his motion for leave to serve Mr. Arico by publication, stating that further attempts to serve Mr. Arico have been unsuccessful. Pursuant to Civ. L.R. 7-1(b), the matter was deemed suitable for determination without oral argument. Dkt. No. 14. For the reasons to be discussed, the Court denies without prejudice the motion for leave to serve Mr. Arico by publication.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service upon an individual may be made in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California law provides for several means of

effecting service upon a defendant. Service of the complaint and summons may be accomplished by (1) personal delivery to the party, Cal. Code Civ. Proc. § 415.10, (2) delivery to someone at the party's usual residence or place of business, followed by a mailing, *id*. § 415.20, (3) mail with an acknowledgement of receipt, *id*. § 415.30, (4) mail on persons outside California, *id*. § 415.40, and (5) publication, *id*. § 415.50.

In California, service by publication is permitted (1) "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and, as relevant here, (2) "[a] cause of action exists against the party upon whom service is to be made . . . ." Cal. Code Civ. Proc. § 415.50(a)(1). "The question is simply whether [the plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App.3d 327, 333 (1978). Nevertheless, because service by publication is "the least likely to succeed in notifying the defendant of an action against him," it is to be used "'only as a last resort.'" *Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App.4th 330, 337-38 (2013) (quoting *Watts v. Crawford*, 10 Cal.4th 743, 749 n.5 (1995)). "Accordingly, it can require exhaustive attempts to locate the defendant before this method may be employed." *Id*. at 338. "In this context, '[t]he term 'reasonable diligence' denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Id*. (quoting *Watts*, 10 Cal.4th at 749 n.5). "In each case where the question here presented is under review the particular facts will control. No single formula nor mode of search can be said to constitute due diligence in every case." *Donel, Inc.*, 87 Cal. App.3d at 333.

Mr. Guerin's counsel, David Tabb, has submitted an affidavit in which he avers that he conducted inquiries using the LexisNexis Nationwide Person database, and his search results indicate that Mr. Arico resides at an address in San Francisco, California and that he has lived there since 2016. Dkt. No. 11 at 4-5, 13.[1] Mr. Tabb further states that shortly after filing the complaint, his office mailed a copy of the summons and complaint to Mr. Arico, with a request for

---

[1] All pin cites are to the page number that appears in the ECF header on Mr. Guerin's court filings.

2

waiver of service, but has received no response. *Id.* at 4. Additionally, the record presented indicates that the process server made a number of attempts at personal service between June 2 and June 27, 2018 and again between September 13 and 16, 2018, including ringing the bell for a neighboring unit. However, there was no response. *Id.* at 7-10. Further, Mr. Tabb says that he contacted the attorney retained by Mr. Arico's insurance company to represent Mr. Arico, provided her with a courtesy copy of the complaint and summons, and asked if she would accept service of process on behalf of Mr. Arico. The attorney advised that she was not authorized to do so. *Id.* at 5. On this record, and although service by publication is a method of last resort, the Court is satisfied that Mr. Guerin's efforts to locate and serve Mr. Arico have been reasonable and sufficient. *See Cummings v. Brantley Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal., Sept. 13, 2016) ("While it is conceivable that [plaintiff] could do more . . . the standard requires reasonable diligence, not exhaustive efforts to leave no stone unturned . . .").

Nevertheless, Mr. Guerin has not satisfied the second prong of the requirement for service by publication. Specifically, he has not offered "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant," *Cummings*, 2016 WL 4762208 at *2 (citation omitted), and Mr. Tabb's affidavit is insufficient. Mr. Tabb attests that "[a] cause of action exists against defendant in respect to whom the service of summons is to be made as shown by the verified complaint on file in this action." Dkt. No. 11 at 4. The complaint, however, is *not* verified; it is simply signed by counsel. Dkt. No. 1. Moreover, California Code of Civil Procedure § 415.50 "on its face permits [the required] showing to be made only by affidavit." *Harris v. Cavasso*, 68 Cal. App.3d 723, 726 (1977) (setting aside a judgment where service by publication was based on facts presented in a verified complaint, rather than in an affidavit). Further, "[r]eference to another document for the statement of facts is insufficient because the affidavit itself must include the statement of facts." *Castillo-Antonio v. Azurdia*, No. C13-05709 DMR, 2014 WL 4060219, at *2 (N.D. Cal., Aug. 14, 2014); *see also Cummings*, 2016 WL 4762208 at *3 (denying the plaintiff's request for service by publication because counsel's submitted statement "d[id] not purport to be an affidavit, [was] not sworn, and d[id] not demonstrate counsel's personal knowledge of the facts at issue.").

3

Based on the foregoing, Mr. Guerin's motion for service by publication is denied without prejudice to the filing of a renewed motion properly supported by an affidavit of facts evincing a cause of action against Mr. Arico. To the extent Mr. Guerin intends to renew his motion for service by publication, his motion must be filed no later than **November 7, 2018**. The time for service having expired, the Court will give plaintiff additional time through **November 30, 2018** to complete service of process. Fed. R. Civ. P. 4(m). In view of this extension, the Court continues the Initial Case Management Conference, currently set for October 30, 2018, to **December 18, 2018, 1:30 p.m.**,[2] with a Case Management Statement to be filed no later than **December 11, 2018**. All other related deadlines set in the Court's Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. No. 3) are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: October 24, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] Mr. Guerin's request to appear by telephone on October 30, 2018 (Dkt. No. 16) is denied as moot.

4